**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

TIMOTHY B. FRAME,

Plaintiff,

v. CIVIL ACTION NO. 5:26-cv-00297

BECKLEY POLICE DEPARTMENT and
RALEIGH COUNTY SHERIFF'S OFFICE and
WEST VIRGINIA STATE POLICE and
911 EMERGENCY CALL CENTER and
OFFICER/TROOPER/DEPUTY and
DEPUTY JOHN DOE 2 and
TROOPER HARVEY, *WVSP*, and
TROOPER MITCHEL, *WVSP*, and
TROOPER CASEY, *WVSP*, and
OFFICER ZACHARY BLOSSER, *BPD*, and
JANE DOE 1, *Female 911 Personnel*, and
MAGANN LAW and
MICHAEL MAGANN and
ACCESS HEALTH and
CRANBERRY ELEMENTARY SCHOOL and
JANE DOE 2, *School Nurse*, and
DHHR and
JANE DOE 3, *DHHR Older Female Working 4/8/2025*, and
MARIE BECHTEL and
MARIE COMPANY and
LOGIN KELLY and
KELLY ESTEP and
LATACHIA MILLER,

Defendants.

**ORDER**

Pending is Plaintiff Timothy B. Frame's *pro se* Complaint [Doc. 1], filed April 27, 2026. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on July 1, 2026. Magistrate Judge Aboulhosn

recommended that the Court dismiss this action under *Federal Rule of Civil Procedure* 41(b) for failure to prosecute.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on July 20, 2026. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 23**], **DISMISSES** Mr. Frame's Complaint [**Doc. 1**] for failure to prosecute under Rule 41(b), and **REMOVES** this matter from the docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: November 20, 2026

Frank W. Volk
Chief United States District Judge